UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEFFREY H. MIMS, Chapter 7 Trustee for Ayr Logistics Limited, Inc. § § § *Appellant*, § § v. § § ALL SEAS LTD., § § *Appellee.* § § § § | Civil Action No. 3:19-CV-01606-X |

**MEMORANDUM OPINION AND ORDER**

The subject of this appeal is the Bankruptcy Court's June 11, 2019 order granting defendant and appellee All Seas Ltd.'s May 3, 2019 motion to dismiss for lack of personal jurisdiction.[1] The Bankruptcy Court orally provided brief findings of fact and conclusions of law in the motion-to-dismiss hearing on June 7, 2019. The Bankruptcy Court's order was a final judgment dismissing this adversary proceeding [Adv. Case No. 17-03112-bjh7, Doc. No. 50].

After reading the appellate briefs and reviewing the record, the Court finds that the Bankruptcy Court when granting All Seas' motion to dismiss for lack of personal jurisdiction appears to have not resolved all disputed facts in the plaintiff's

---

[1] Federal district courts have jurisdiction to "hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1).  Because this appeal of an order granting a motion to dismiss for lack of personal jurisdiction arises from the U.S. Bankruptcy Court for the Northern District of Texas, this Court has jurisdiction to hear this appeal.  *See id.* § 158(a) ("An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.").

1

favor in assessing whether he made a *prima facia* case for personal jurisdiction. This Court's determination of the propriety of the bankruptcy court's judgment is purely procedural, and not substantive. But because this Court wishes to accord the Bankruptcy Court all the deference to which it is due, this Court vacates the Bankruptcy Court order, dismisses this bankruptcy appeal, and remands this case to the Bankruptcy Court for the Court to determine whether to resolve doubts in favor of the plaintiff under the *prima facia* path or instead to conduct an evidentiary hearing.

## I. Application

There is an awkward tension between the simplicity of the rulings we courts are to give on personal jurisdiction (there either is personal jurisdiction or there is not) and the complex framework our superior courts have established to ensure those simple rulings are correct. That framework involves two different paths to assess personal jurisdiction, which the trial court is to select. Inherent in those two paths is the understanding that fact issues can exist in disputes over personal jurisdiction. Normally, fact issues get resolved at trial. That gets complicated when, as here, the court is the arbiter of this issue (whether the court has power over a person).

The first path the appellate courts have allowed us trial courts to take is to determine whether the plaintiff has established a *prima facie* case of personal jurisdiction on the papers.[2] This path is used for situations where the facts are

---

[2] *See Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

undisputed, but it can also be used in some situations when the parties dispute the facts.[3] In the *prima facia* path, trial courts are to take uncontroverted allegations in the complaint as true.[4] If affidavits conflict, trial courts still must resolve the dispute in the plaintiff's favor at this early stage of the proceeding.[5] And there certainly can be hearings associated with the *prima facia* path, but these hearings involve legal argument akin to an oral argument of a summary judgment motion. Overall, this *prima facia* path will allow the court to determine if a plaintiff made the initial showing of personal jurisdiction over the defendant and can defer an ultimate ruling on the matter until trial. That ultimate threshold is the plaintiff showing by a preponderance of the evidence that that jurisdiction is proper.[6]

When it turns to a district court's appellate review[7] under the *prima facia* path, undisputed facts call for a de novo appeal.[8] And if there are disputed facts, a district court reviews the Bankruptcy Court's fact findings for clear error.[9] But this level of

---

[3] *Id.* ("In satisfying the above burden, when the jurisdictional issue is to be decided by the court on the basis of facts contained in affidavits, a party need only present facts sufficient to constitute a prima facie case of personal jurisdiction." (quotation marks omitted)).

[4] *Id.* ("[O]n a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true." (quotation marks omitted)).

[5] *D.J. Invs.*, 754 F.2d at 546 ("[C]onflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists.").

[6] *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

[7] This case requires this district court to sit in the uncomfortable posture of an appellate court, so the Court will necessarily apply Fifth Circuit standards in its analysis.

[8] *Bullion*, 895 F.2d at 216.

[9] *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 529 (5th Cir. 2014) (observing that appellate review of district court jurisdictional findings of fact is under a clear error

deference can be illusory on the *prima facia* path because courts are to resolve disputed facts in the plaintiff's favor. So presumably any disputed fact not resolved in the plaintiff's favor is clear error and not truly given deference.

By contrast, the second path involves a full evidentiary hearing. As the Fifth Circuit has opined, "this court has said that after a pretrial evidentiary hearing confined to the jurisdictional issue, where both sides have the opportunity to present their cases fully, the district court can decide whether the plaintiff has established jurisdiction by a preponderance of the evidence."[10] This process essentially shifts the component of a resolution of jurisdictional issues at trial to the pre-trial evidentiary hearing on personal jurisdiction.[11] But because it does, "both parties must be allowed to submit affidavits and to employ all forms of discovery, subject to the district court's discretion and as long as the discovery pertains to the personal-jurisdiction issue. Furthermore, if requested by the parties, the district court often should convene a hearing where it entertains live testimony."[12] The Fifth Circuit's rule of thumb is that holding a plaintiff to a higher standard than the *prima facia* standard in a hearing on jurisdiction means the court "should allow the plaintiff to go[ ] beyond the written materials."[13]

---

standard).

[10] *Walk Haydel*, 517 F.3d at 241–42.

[11] *Id*. at 242.

[12] *Id*.

[13] *Id*. (quotation marks omitted) (alteration in original).

The standard of this Court's appellate review can also function differently in an appeal from the evidentiary hearing path. The standard for either path is clear error for fact findings and de novo for legal conclusions.[14] But while clear error deference to fact findings is illusory for the *prima facia* path, it retains the full force of deference in the evidentiary hearing path. This is logical. For example, if the Bankruptcy Court heard firsthand a witness's testimony on a disputed fact, then the Bankruptcy Court is uniquely positioned to judge, for instance, the credibility of that witness. Accordingly, if the Bankruptcy Court holds an evidentiary hearing following jurisdictional discovery, those fact findings are akin to ones made after a bench trial, and this Court must accord those findings the deference the clear error standard mandates.

## II. Application

Here, if the Bankruptcy Court selected the *prima facia* path, that would have required resolving all relevant factual disputes in Mims's favor.[15] Second, if the Bankruptcy Court selected the evidentiary hearing path, then it ought to have scheduled a full, contested evidentiary hearing and allowed limited discovery into All Seas' purposeful actions and minimum contacts with the United States.[16]

---

[14] *Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d at 529.

[15] *Bullion*, 895 F.2d at 217.

[16] In his response to All Seas' motion to dismiss, Mims requested that the bankruptcy court consider taking this second path. *See* Appellant's Reply Brief, at 6 (stating that Mims requested in his objection to the motion to dismiss that "[s]hould the court determine further evidence is required concerning personal jurisdiction, the Trustee requests that the Court continue the hearing on the ASL Motion, schedule an evidentiary hearing, and allow discovery into ASL's purposeful actions and minimum contacts with the U.S." (citing Objection to Motion to Dismiss, at R. 983 [Doc. No. 3-6])) [Doc.

The Bankruptcy Court started on the prima facia path but apparently held Mims to a higher burden of proof or failed to resolve factual disputes in Mims's favor.[17]

And this Court is unable to complete the Bankruptcy Court's journey in this current posture. Theoretically, on *de novo* review this Court could consider the merits of the motion to dismiss (holding Mims to the *prima-facie* standard and resolving doubts in Mims's favor) if it determined, as the Bankruptcy Court presumably did, that it had sufficient evidence to do so. But because the Bankruptcy Court also seemed to hold Mims to a higher burden of proof than the *prima-facie* standard requires (particularly because it doesn't appear the Bankruptcy Court resolved factual disputes in Mims's favor), the Court finds that the Bankruptcy Court's reasoning and decision conflated the standards of the *prima facia* and preponderance paths. This Court finds that it would not further the interests of justice for it to attempt to fully complete the *prima facia* path on appeal in the event the Bankruptcy Court intended to choose the preponderance path. And if the Bankruptcy Court

---

No. 7].

[17] *See* Transcript of Hearing on Motion to Dismiss, at R. 1513–14 (stating that "[b]ased on the record, the trustee has failed to meet the first requirement" and that "[a]lthough there are contacts between Seek, a Missouri LLC, and All Seas, a British Virgin Island entity, the affidavits do not establish that All Seas purposefully directed its actions at the United States" while admitting that "the question is closer than I anticipated") [Doc. No. 3-8]. *See also* Appellant's Brief, at 35–36 ("While the bankruptcy court was not specific with regard to what portions of the affidavits and other evidence it was relying upon in determining insufficient contacts, based upon the evidence submitted by the Trustee (and as summarized in detail above), the bankruptcy court must have either held the Trustee to a higher standard than provided for in applicable case law (*i.e.*, a minimal prima facie case) and/or must have resolved factual conflicts in [All Seas'] favor (*i.e.*, the bankruptcy court did not consider the Trustee's evidence outlined above to the extent [All Seas] disputed such facts. Additionally, it appears that in making its ruling, the bankruptcy court did not take into account **the entirety** of the evidence the trustee submitted on the issue of minimum contacts, but merely considered the choice-of-law provision in isolation." (emphasis in original)) [Doc. No. 4].

intends the preponderance path, that would require this Court to give the full measure of deference to its fact findings that the clear error standard allows. Accordingly, it would be most proper, efficient, and fair for the Bankruptcy Court to select, in its discretion, among these two permissible paths and to fully see it through.

For these reasons, the Court **VACATES** the Bankruptcy Court's order granting All Seas' motion to dismiss [Adv. Case No. 17-03112-bjh7, Doc. No. 50]. Therefore, the Court **DISMISSES** this appeal and **REMANDS** the case to the Bankruptcy Court for further proceedings in accordance with this order.

**IT IS SO ORDERED** this 25th day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE